# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-0468V
### Filed: June 22, 2018
UNPUBLISHED

---

NATHANIEL PAUL,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

---

Special Processing Unit (SPU);
Attorneys' Fees and Costs

*Franklin John Caldwell, Jr., Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Amy Paula Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 13, 2016, Nathaniel Paul ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on September 18, 2013. Petition at 1-2. On November 14, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 47).

On May 29, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 52). Petitioner requests attorneys' fees in the amount of $26,900.10 and attorneys' costs in the amount of $1,402.77. *Id.* at 1-2. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $28,302.87.

On June 11, 2018, respondent filed a response to petitioner's motion.  (ECF No. 53).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates, with the following exceptions.

With regard to Mr. Caldwell's requested hourly rate of $391 for work performed in 2018, the undersigned finds the proposed rate excessive based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large.  *See McCulloch v. Sec'y of Health and Human Servs*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. Sec'y of Health and Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. HHS*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health and Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).  Under the Court's Fee Schedule, an attorney in the range of 20-30 years of experience is entitled to hourly rates between $370 - $439 for work performed in 2018.[3]

Mr. Caldwell was awarded a rate of $367 per hour for work performed in 2017.  An increase for 2018, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL), provided by the Department of Labor Bureau of Labor Statistics, would result in a rate of $385.00 per hour, which is a more appropriate rate given the undersigned's

---

[3] The Attorneys' Fee Schedule for 2018 is available at http://www.cofc.uscourts.gov/node/2914.

experience and analysis of the McCulloch factors as applied to Mr. Caldwell.  Therefore, the undersigned reduces the fee request by $12.00.[4]

It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.* No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy*, No. 02-10V, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Over 2 hours of time[5] was billed for work performed by Mr. Caldwell and his paralegals for work that is considered administrative overhead. Examples of these entries include December 1, 2015 (0.40 hrs) "Telephone call to multiple providers to obtain best method to receive medical records request"; December 15, 2015 (0.20 hrs) "Mail medical records request to Stafford Hospital due to failed attempts to faxing request"; April 20, 2016 (0.10 hrs) "Telephone conference with legal copy service to arrange for production of documents"; April 7, 2017 (0.10 hrs) "Email clerk's office re: unknown "tag" on ECF filing screen"; and January 3, 2018 (0.10 hrs) "Receipt and review of confirmation from UPS regarding the delivery of the entitlement check. Forward same to client to confirm receipt." (ECF 52-2 at 1, 2, 5, 11 and 13). The undersigned shall reduce the request for attorney fees in the amount of $335.50.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $27,955.37[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Franklin John Caldwell. Petitioner requests payment be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.**

---

[4] This amount is calculated by reducing the requested rate by the awarded rate multiplied by hours billed. ($391 - $385 = $6 * 2.0 = $12.00).

[5] Entries of administrative time occurred on the following dates: December 1, 2015; December 15, 2015; April 20, 2016; April 25, 2016; June 6, 2016; April 7, 2017; and January 3, 2018.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.